LACOMBE, Circuit Judge.
I do not see any authority for taxing this sum of $500, which is practically charged as “constructive” fees. The order of this court restoring the cause to the calendar contained the proviso that complainant (who had made the motion) should file a stipulation that the “evidence taken in” the New Jersey case “be used in this case with the same force and effect,” etc., “as though originally taken herein.” A stipulation to this effect, including, also, testimony “to be taken” in the New Jersey suit, was forthwith filed by complainant. Thereupon the defendant had the choice either to take the evidence de novo, or to use the evidence taken in New Jersey. Of course, the order and stipulation authorizing the use of this testimony taken in another case presupposed that proper assurance of its authenticity would be made. If defendant decided to use it, the only proper shape in which it could have been offered to this court was under the certification of the clerk of the court in which it was filed, unless some further stipulation should dispense with this requirement. Had defendant obtained this certification, he could, of course, tax the disbursements necessary to obtain it, but he surely cannot charge anything for certification fees which he has not paid. Probably there was a further stipulation entered into by the parties (although the papers do not clearly show one) to the effect that an uncertified copy of the New Jersey evidence might be put in with the same effect as if it were certified, but, in the absence of any stipulation as to allowance of whatever sum defendant chose to pay for the uncertified conv, I cannot see how the court can include such sum in the bill of costs. The rules of this court, however, require that records for final hearings shall be printed. Defendant has paid out money in part to put the New Jersey evidence into print, which he was bound to do, and from which obligation no stipulation of his adversary could relieve him. The disbursements necessary to print this evidence should be allowed. Defendant ought not to lose them because he has paid both for copy and for printing in a lump sum. The proper amount is readily ascertainable, since the number of pages is known, and the price per page for such work is shown by the charge for printing so much of the record as was made up in this court.